68 A.3d 862

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Dean Clayton KREMER.

Misc. Docket AG No. 15, Sept. Term, 2012.

Court of Appeals of Maryland.

June 24, 2013.

James P. Botluk, Assistant Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for Petitioner.

No argument on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA, and McDONALD, JJ.

HARRELL, J.

Dean Clayton Kremer was admitted to the Maryland Bar on 18 December 1989. He practiced personal injury and bankruptcy law in Columbia, Maryland, until 2011. On 13 April 2012, the Attorney Grievance Commission of Maryland ("AGC"), acting through Bar Counsel, filed against Kremer a Petition for Disciplinary or Remedial Action ("Petition"), pursuant to Rule 16–751(a)(1).[1] The Petition, based on four complaints made by former clients, charged Kremer with numerous violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), including: MLRPC 1.1 (Competence), MLRPC 1.3 (Diligence), MLRPC 1.4 (Communication), MLRPC 1.16(d) (Declining or Terminating Representation), MLRPC 8.1(b) (Failure to Respond to Disciplinary Authority), and MLRPC 8.4(d) (Conduct Prejudicial to the Administration of Justice).[2]

Kremer was served with a Writ of Summons and the Petition on 18 May 2012. He was required by Maryland Rule 16–754 to respond to the Petition within fifteen days of service, but failed utterly to do so. Consequently, an Order of

---

1. Rule 16–751(a)(1) provides: "Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Bar Counsel also charged Kremer originally with violating the following additional provisions, but abandoned the charges at the evidentiary hearing—Maryland Rule 16–604 (Trust Account–Required Deposits), Md. Rule 16–609 (Prohibited Transaction), Maryland Code, Business Occupations and Professions Art., § 10–306 (Trust Money Restrictions), MLRPC 1.15 (Safekeeping of Property), and MLRPC 8.4(b) (Misconduct).

Default was entered against him on 28 June 2012. The case was referred to Judge Louis Becker of the Circuit Court for Howard County, pursuant to Maryland Rule 16–752(a).[3] An evidentiary hearing occurred on 4 September 2012. At the evidentiary hearing, Bar Counsel presented *ex parte* proof, consisting of several affidavits and the testimony of Michael H. Peregoy, an investigator for the AGC. Kremer did not attend the evidentiary hearing or file a response to the Petition. Based on the evidence before him, Judge Becker found that Kremer's conduct violated MLRPC 1.1, 1.3, 1.4, 1.16(d), 8.1(b), and 8.4(d).

## I. PROCEEDINGS BEFORE THE HEARING JUDGE

Judge Becker's findings of fact and conclusions of law state as to each complaint:

### Mary R. Whitley Complaint

[Whitley] retained [Kremer] on 19 November 2010 to file a Chapter 7 bankruptcy petition. She made an initial payment of $600.00 and a final payment of $599.00 on [17 December 2010]. Between January 2011 and July 2011, [Whitley] made approximately twenty telephone calls to [Kremer], inquiring into the status of her case. [Kremer] was generally unresponsive to her inquiries. When he did return her calls, he reported little or no progress on her case.

On [8 June 2011], [Whitley] wrote to [Kremer] noting he had failed to provide her with the bankruptcy petition for her signature and that he had not responded to her telephone messages. On [8 May 2011], [Whitley] wrote to

---

**3.** Rule 16–752(a) states that:

Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.

[Kremer] again detailing her attempts to reach him and his lack of response or action on the case. [Whitley] wrote to [Kremer] on [5 August 2011], indicating that she had not heard from him since [8 June 2011] when he had promised to file her Chapter 7 petition no later than July 2011. She reported to [Kremer] that this delay was causing her emotional distress. Although [Whitley] provided [Kremer] with all the information requested to prepare her bankruptcy petition and paid his fee and court costs, [Kremer] did not file her bankruptcy petition, did not refund the funds paid to him, and has not kept her informed of the status of her case.

### Christina Goddard Complaint

[Goddard] retained [Kremer] in August 2010 to file a bankruptcy petition. She paid him $1199.00 for his fee and court costs. [Kremer] failed to file any petition on her behalf. [Goddard] attempted to reach [Kremer] by telephone, but was unable to do so because his telephone line was either disconnected or unable to accept messages. [Kremer] has not refunded any portion of the fee.

### Robert T. Taylor Complaint

[Taylor] retained [Kremer] to represent him in a Chapter 13 bankruptcy proceeding in October 2010. [Taylor] paid a filing fee of $274.00. A week later, he paid [Kremer] his fee of $1,200.00. [Kremer] had several meetings and hearings postponed, and when scheduled, failed to attend the hearings. A Chapter 13 plan was to be filed by [4 November 2011], but [Kremer] failed to file it. [Taylor] was unsuccessful in reaching [Kremer] by telephone or facsimile because [Kremer's] phone was disconnected or unable to accept messages. [Taylor's] case was dismissed due to [Kremer] missing a court date. [Taylor] had to retain new counsel to complete the work on his case. [Kremer] has not refunded any portion of his fee.

### John M. Klipsch Complaint

[Klipsch] and his then-wife met with [Kremer] in June 2010 to discuss filing a bankruptcy petition. They made

installment payments through February 2011, paying [Kremer's] $1,200.00 flat fee and the $299.00 filing fee. By the time the last payment was made, the Klipsches were divorced, so they paid [Kremer] an additional payment of $100.00 to file the petitions separately. [Klipsch] and his former wife understood that [Kremer] would not file the petitions until the fee was paid in full. After the final payment was made, [Klipsch] and his former wife did not hear from [Kremer] for six weeks, despite many attempts to contact him by telephone, e-mail, and text message. Around the beginning of April, [ ]Kremer told [Klipsch] that he would file the petitions. A hearing was set for [25 July 2011], but [Kremer] had the hearing postponed. Ultimately, the Bankruptcy Court dismissed the petitions and [Kremer] never re-filed the petitions. [Klipsch's] subsequent numerous e-mails and other messages were unsuccessful in getting [Kremer] to act on the case. After [Klipsch] filed a complaint to the [AGC], [Kremer] made a full refund to [Klipsch] and returned his documents.

The [AGC] received complaints from [Whitley], [Goddard], [Taylor] and [Klipsch]. Copies of the complaints were forwarded by Assistant Bar Counsel to Kremer's office address.[4] Investigator Peregoy met with [Kremer] at Kremer's residence on [30 November 2012]. [Peregoy] gave [Kremer] copies of the complaints and explained to him that he was required to submit written responses. [Kremer] acknowledged his duty to attend to his client matters and told [Peregoy] that some of the clients were due refunds of the legal fees paid to him. [Kremer] further acknowledged that he had abandoned his law office, leaving the client files there. [Kremer] agreed to submit written responses to the complaint but failed to do so. Assistant Bar Counsel forwarded copies of the complaints to [Kremer's] home address on [9 December 2011], again requesting a written response.

---

4. Kremer abandoned his office sometime before then.

Peregoy testified that, when he served Kremer at his home with the Petition, Kremer stated that "he had been suffering from depression for a number of years and had recently suffered a 'nervous breakdown.' "

Based upon these findings of fact, Judge Becker concluded, by clear and convincing evidence, that Kremer's conduct violated MLRPC 1.1,[5] 1.3,[6] 1.4,[7] 1.16(d),[8] 8.1(b),[9] and 8.4(d).[10]

---

**5.** MLRPC 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

**6.** MLRPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

**7.** MLRPC 1.4 provides:

(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**8.** MLRPC 1.16(d) provides in pertinent part:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

**9.** MLRPC 8.1(b) states:

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . . .

Judge Becker concluded that Kremer "acted incompetently and without diligence" in abandoning the cases of Whitley, Taylor, Klipsch, and Goddard. He concluded further that Kremer's lack of competent and thorough representation violated MLRPC 1.1 and MLRPC 1.3.

In addition, the hearing judge concluded that Kremer violated MLRPC 1.4 because he failed to communicate with his clients. Judge Becker stated, "[Kremer] ceased picking up mail at his office and did not check his telephone messages, and, as a result, the Complainants were unable to effectively leave telephone messages."

Because "Rule 1.16(d) of the [MLRPC] requires a lawyer to take steps to protect his client's interests upon termination of representation," Judge Becker resolved that Kremer failed to comply with that Rule when he abandoned his law office, did not return case documents to Whitley, Goddard, and Taylor, and did not refund to those clients unearned fees after abandoning their cases. Further, Kremer did not return, in a timely manner, the documents and fees of Klipsch and his former wife. Hence, Judge Becker concluded that, "[b]y his delay and/or failure to refund the fees and return papers to the Complainants, Kremer violated Rule 1.16(d)."

The hearing judge found further that Kremer failed to submit written responses to Bar Counsel to the four Complaints, in the face of Assistant Bar Counsel's requests that he do so, and even though Kremer told Peregoy that he would submit written responses. Judge Becker concluded that "[Kremer's] failure to answer these lawful demands for information violated Rule 8.1(b) of the [MLRPC]."

---

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by MLRPC 1.6.

10. Under MLRPC 8.4(d), it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

Lastly, Judge Becker observed that Kremer abandoned his law practice, neglected his clients' cases, and that, as a result, judicial relief in the bankruptcy court was delayed to Whitley, Taylor, Klipsch, and Goddard. The hearing judge concluded that Kremer's conduct, in this regard, violated MLRPC 8.4(d).

No material exceptions were filed to the hearing judge's findings of fact or conclusions of law.[11] Moreover, Kremer did not appear before this Court to offer argument on the appropriate sanction. Bar Counsel seeks disbarment.

## II. ANALYSIS

### A. Standard of Review

"This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 315, 44 A.3d 344, 354 (2012); *Attorney Grievance Comm'n v. Stern*, 419 Md. 525, 556–57, 19 A.3d 904, 925 (2011). We review the hearing judge's conclusions of law under a non-deferential standard. *Brown*, 426 Md. at 315, 44 A.3d at 344; *Stern*, 419 Md. at 556–57, 19 A.3d at 925. The hearing judge's findings of fact will be deemed correct if (1) they are not clearly erroneous, or (2), at the Court's option, if neither party filed exceptions to them. *Brown*, 426 Md. at 315, 44 A.3d at 344; *Stern*, 419 Md. at 556–57, 19 A.3d at 925. If determined to be established, the findings of fact are then used to determine the legal propriety of the legal conclusions of law and the appropriate sanction. *Brown*, 426 Md. at 315, 44 A.3d 344; *Stern*, 419 Md. at 556–57, 19 A.3d at 925. We must determine whether there is "sufficient evidence to support the hearing judge's legal conclusions, by a clear and convincing standard of proof." *Attorney Grievance Comm'n v. Tanko*, 427 Md. 15, 27–28, 45 A.3d 281, 288 (2012); *See Attorney Grievance Comm'n v. Nnaka*, 428 Md. 87, 97, 50 A.3d 1187, 1193 (2012).

---

11. Bar Counsel filed a single exception to a typographical error in the findings of fact and conclusions of law where MLRPC 8.1(d) appeared, but should have read 8.1(b).

## B. Findings of Fact

■ As noted earlier, Kremer failed utterly to respond or participate in this case. Bar Counsel filed no material exceptions. Thus, we accept the hearing judge's findings of fact. *Brown*, 426 Md. at 315, 44 A.3d 344; *Stern*, 419 Md. at 556–57, 19 A.3d at 925. We turn next to the hearing judge's conclusions of law which we review under a non-deferential standard.

## C. Conclusions of Law

■ MLRPC 1.1 requires an attorney to provide "competent representation to a client." In violation of MLRPC 1.1, Kremer failed to file the requisite bankruptcy petitions for Whitley and Goddard. *See Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 222, 46 A.3d 1169, 1177 (2012) (concluding that failure to take fundamental steps to further a client's case is a violation of MLRPC 1.1). Moreover, Kremer had numerous hearings postponed in Taylor's and Klipsch's matters for no just cause and in fact missed Taylor's hearing, which caused Taylor's case to be dismissed. Kremer's conduct violated MLRPC 1.1. *See Attorney Grievance Comm'n v. De La Paz*, 418 Md. 534, 553–54, 16 A.3d 181, 193 (2011) (finding that an attorney violated Rule 1.1 when he failed to appear before the court in his client's case). We find that, pursuant to *De La Paz* and *Garrett*, Kremer's conduct violated MLRPC 1.1.

In addition, we conclude that Kremer's conduct violated MLRPC 1.3. Whitley, Taylor, Goddard, and Klipsch each attempted to contact Kremer regarding the status of their cases, with little success. Whitley called Kremer approximately twenty times and was able to reach him once, but even then Kremer provided little information about her case. Goddard, Taylor, and Klipsch also attempted to reach Kremer, but were unsuccessful. Kremer's conduct violated MLRPC Rule 1.3, which requires the exercise of "reasonable diligence and promptness." *See Attorney Grievance Comm'n v. Park*, 427 Md. 180, 193, 46 A.3d 1153, 1160 (2012) (finding an attorney's

failure to keep his client informed of her case violated MLRPC Rule 1.3).

Closely linked to Kremer's violation of MLRPC 1.3 is his violation of MLRPC 1.4. MLRPC 1.4 requires an attorney to "keep the client reasonably informed about the status of the matter." Kremer failed to keep his clients informed of the status of their cases. Whitley, Taylor, Goddard, and Klipsch called, e-mailed, sent letters, and left messages, to inquire as to how their cases were progressing. Kremer failed to communicate. His repeated disregard towards his clients is a violation of MLRPC 1.4. *See De La Paz,* 418 Md. at 554, 16 A.3d at 193 (concluding that an attorney violated MLRPC 1.4 when he did not respond to a client's telephone messages or letters inquiring on the status of his case).

■ MLRPC 1.16(d) requires an attorney, upon termination of representation, to take steps to protect a client's interests. Kremer failed to do what was required of him by Rule 1.16(d). *See Park,* 427 Md. at 193, 46 A.3d at 1160 (where we agreed with the hearing judge that the attorney violated MLRPC 1.16(d), when he abandoned the client's case, failed to return the client's messages, did not refund any of the unearned fees or return the client's documents). Kremer abandoned each of the Complainants' cases before their completion. Moreover, Kremer failed to return Whitley's, Taylor's, or Goddard's unearned fee or documents. While Kremer did return Klipsch's unearned fee and documents, he did not do so in a timely manner. We find Kremer's conduct violated MLRPC 1.16(d).

MLRPC 8.1(b) makes it a violation to "knowingly fail to respond to a lawful demand for information ... [from Bar Counsel]." We conclude Kremer violated Rule 8.1(b). *Garrett,* 427 Md. at 226, 46 A.3d at 1179 (failing to respond to Bar Counsel's request for information is a violation of MLRPC 8.1(b)). Bar Counsel asked repeatedly Kremer to respond to the Petition, but he did not. In fact, Kremer indicated to the investigator that he would respond, but he failed to do so. Kremer's conduct is in violation of MLRPC 8.1(b).

Finally, we agree with the hearing judge that Kremer's conduct violated Rule 8.4(d). *See Park,* 427 Md. at 193, 46 A.3d at 1160 (finding that the attorney's failure to maintain sufficient communication with his client, failure to pursue his client's case diligently and completely, and failure to respond to Bar Counsel constituted conduct which violated 8.4(d)). MLRPC 8.4(d) mandates that a lawyer may not "engage in conduct that is prejudicial to the administration of justice." Kremer violated this Rule by failing to communicate sufficiently with the Complainants and by failing to respond to Bar Counsel's request for a written response to the complaints.

### D. Sanction

The purpose of the sanction in the attorney grievance process is well-established. Attorneys are officers of the Court and serve the public. Sanctions are imposed not to punish lawyers, but to protect the public from those attorneys who violate their duties to their clients and "to insist upon the maintenance of the integrity of the bar[,] and to prevent the transgressions of an individual lawyer from bringing its image into disrepute." *Attorney Grievance Comm'n v. Whitehead,* 405 Md. 240, 261–62, 950 A.2d 798, 811 (2008) (quoting *Attorney Grievance Comm'n v. Sheridan,* 357 Md. 1, 27, 741 A.2d 1143, 1157 (1999)). We determine the appropriate sanction by considering the facts of the case, as well as balancing any aggravating or mitigating factors. *Whitehead,* 405 Md. at 262, 950 A.2d at 811 (citing *Attorney Grievance Comm'n v. Sweitzer,* 395 Md. 586, 598–99, 911 A.2d 440, 447–48 (2006)).

Aggravating factors militate in favor of a more severe sanction. For example, a pattern of misconduct, multiple offenses, a bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, or misconduct despite substantial experience in the practice of law are aggravators we have considered. *Whitehead,* 405 Md. at 262–63, 950 A.2d at 811–12; *Attorney Grievance Comm'n v. Mininsohn,* 380 Md. 536, 575, 846 A.2d 353, 376 (2004).

Mitigating factors tend to influence a lessening of what might be otherwise an appropriate sanction. For example, full and free disclosure to a disciplinary board, a physical or mental disability or impairment, or interim rehabilitation have been considered by us as mitigators. *Attorney Grievance Comm'n v. Bleecker,* 414 Md. 147, 178, 994 A.2d 928, 946 (2010); *Attorney Grievance Comm'n v. Gordon,* 413 Md. 46, 63, 991 A.2d 51, 60 (2010); *Attorney Grievance Comm'n v. Sweitzer,* 395 Md. 586, 599, 911 A.2d 440, 448 (2006).

■■■ With these considerations in mind, we conclude that the appropriate sanction for Kremer's misconduct is disbarment. We rest our conclusion on cases involving attorney misconduct similar to the violative conduct in this case, where the appropriate sanction was to disbar the disciplined attorney. As the Court stated in *Attorney Grievance Commission of Maryland v. Lara,* 418 Md. 355, 365, 14 A.3d 650, 657 (2011), "[i]n cases involving flagrant neglect of client affairs, including failure to communicate with clients or respond to inquiries from Bar Counsel, we have imposed disbarment as the appropriate sanction." *See also Attorney Grievance Comm'n v. Tinsky,* 377 Md. 646, 655, 835 A.2d 542, 546 (2003).

In *Lara,* the attorney violated MLRPC 1.3, 1.4, 1.15, 1.16(d), 8.1(b), 8.4(a) and (d). 418 Md. at 364–65, 14 A.3d at 656–57. Lara represented two clients in separate bankruptcy matters. *Id.* at 359–60, 14 A.3d at 653–54. Both clients paid Lara a fee to handle their bankruptcy filings and, in both cases, Lara did not file for bankruptcy or return their unearned fees. *Id.* at 359–60, 14 A.3d at 653–54. Moreover, Lara did not submit a written response to Bar Counsel's request for information regarding the clients' complaints and did not attend the evidentiary hearing. *Id.* at 364–65, 14 A.3d at 656–57. We noted that Lara's "egregious behavior is exacerbated by his complete failure to respond to Bar Counsel's investigation, although reminded of his obligation by ... the investigator...." *Id.* at 365, 14 A.3d at 656. We ordered that Lara be disbarred. *Id.* at 364–65, 14 A.3d at 656–57.

In *Attorney Grievance Commission of Maryland v. Dunietz*, 368 Md. 419, 433, 795 A.2d 706, 714 (2002), the Court held that an attorney violated MLRPC 1.1, 1.3, 1.4(a) and (b), 1.16(a)(2) and (d), and 8.4(c) and (d). Dunietz was retained for $2,000 by the complainant, Jimmy Park. *Id.* at 422–23, 795 A.2d at 708. Park retained Dunietz in two matters—first, to pursue collection of a prior court judgment, and, second, in a suit against his previous attorney. *Id.* Dunietz failed to file a complaint on Park's behalf in either case or to respond to any of Park's repeated inquiries about the status of the cases. *Id.* at 423, 795 A.2d at 708. Park filed a complaint with the AGC, which requested three times that Dunietz explain his conduct. *Id.* Dunietz failed to respond to the AGC, even though he had spoken to the Commission's investigator and indicated that he would file a written response. *Id.* at 424, 795 A.2d at 708. We concluded that disbarment was appropriate, noting that "Respondent's continuing disregard for the Attorney Grievance Process, his apparent indifference to the tenets of his chosen profession, the dereliction of his duties to his client and his ostensible lack of remorse for his misconduct, warrant [disbarment]." *Id.* at 431, 795 A.2d at 712.

 This Court balances an attorney's violations of the MLRPC and any existing circumstances that aggravate the attorney's misconduct against any possible mitigating factors. Mitigation usually is not on the table, however, without the attorney providing supporting evidence of the existence of such factors. *See Attorney Grievance Comm'n v. Kovacic*, 389 Md. 233, 240, 884 A.2d 673, 676 (2005). In *Kovacic*, the attorney was retained by the complainant, Delores Shelby, to represent her in divorce proceedings. *Id.* at 234, 884 A.2d at 673. Kovacic neglected Shelby's case by not sending her a copy of the Judgment of the Divorce in a timely manner and by not performing a required appraisal of some marital property. *Id.* at 235, 884 A.2d at 674.

Shelby filed a complaint with the AGC. *Id.* at 236, 884 A.2d at 674. Kovacic did not respond to the complaint or attend the evidentiary hearing on Bar Counsel's Petition. *Id.* at 236,

884 A.2d at 674. Notwithstanding her earlier non-participation in the grievance process, Kovacic appeared at oral arguments before this Court and represented that the reason she abandoned her law practice was because of a medical condition. *Id.* at 239, 884 A.2d at 676. We determined nonetheless that she violated MLRPC Rule 1.3, 1.4, & 8.1(b) and that the appropriate sanction for her conduct was indefinite suspension. *Id.* at 240, 884 A.2d at 677. We emphasized that the availability for consideration of mitigating factors cannot be undertaken where an attorney neither attends his or her evidentiary hearing nor responds to Bar Counsel's requests for written responses to the client's complaint: "The record in this case contains no findings of the [R]espondent's remorse or of any other mitigating factor, nor could it. The [R]espondent did not appear for the hearing and thus the reasons, or motive for her inaction were not, and could not have been explored." *Id.* at 239, 884 A.2d at 676.

In the present case, Kremer's misconduct implicated at least two aggravating factors. First, the facts reflect a pattern of misconduct. *Attorney Grievance Comm'n v. Dominguez*, 427 Md. 308, 327, 47 A.3d 975, 985 (2012) (finding a pattern of misconduct, in case where an attorney neglected at least five clients). In each of the four complaints made against him, Kremer demonstrated egregious neglect of his clients' cases, and, according to three of the complaints, Kremer did not return documents to his clients and did not refund the unearned fees they paid. As for the Klipsches, Kremer returned the documents and refunded the unearned fee, but only after the Klipsches filed a complaint with the AGC. Furthermore, each Complainant attempted, with little success, to contact Kremer numerous times.

Kremer evinced also a bad faith obstruction of the AGC disciplinary proceeding by failing to comply with the rules or lawful directives of the AGC. *Id.* at 327, 47 A.3d at 985–86 (finding bad faith obstruction of the disciplinary proceeding where the attorney failed to respond to Bar Counsel's request for documents). Kremer did not attend the evidentiary hearing before Judge Becker. In addition, Bar Counsel asked him

repeatedly to submit written responses. Kremer failed to do so, despite having told Peregoy that he would submit a written response.

■ Although Kremer represented, reportedly, to Peregoy that he had suffered from depression for many years, which culminated in a "nervous breakdown," we require some evidence in support or corroboration of an alleged mitigating circumstance before considering whether to lessen the severity of an otherwise appropriate sanction. For a mental disability to be considered as a potential mitigating factor, there must be evidence that it existed and caused the attorney's misconduct. *See Attorney Grievance Comm'n v. Keiner*, 421 Md. 492, 525, 27 A.3d 153, 172 (2011). As Judge Becker stated succinctly: "Even assuming [Kremer] was suffering in that manner [from a nervous breakdown], unless he was totally disabled, it does not excuse his dereliction of his professional duties and perpetration of the harm to his clients." Thus, we conclude that there are no mitigating factors revealed adequately on this record, proven by a preponderance of the evidence, to lessen the severity of the sanction appropriate in this case. *See Attorney Grievance Comm'n v. Logan*, 390 Md. 313, 320, 888 A.2d 359, 363 (2005) (finding no justification for a less severe sanction, when the attorney failed to respond to Bar Counsel's request for a written response).

Hence, because we hold that Kremer's conduct violated MLRPC 1.1, 1.3, 1.4, 1.16(d), 8.1(b), 8.4(d), the appropriate sanction is disbarment.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT; INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST DEAN CLAYTON KREMER.**