*Attorney Grievance Commission v. Lawrence P. Pinno, Jr.*
Misc. Docket AG Nos. 30 & 40, September 2011

**Attorney Discipline – Disbarment.** Disbarment is the appropriate sanction when an attorney engages in a pattern of misconduct, including the failure to perform agreed-upon legal work and the abandonment of clients without notice and without returning unearned fees. Such actions demonstrate a lack of competence and diligence, involve a failure to communicate with clients and to properly terminate the attorney-client relationship, and are prejudicial to the administration of justice. MLRPC 1.1, 1.3, 1.4, 1.16(d), and 8.4(d).

Circuit Court for Harford County
Case No. 12-C-1100-2413
Case No. 12-C-1100-2585
Argued: January 9, 2014

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG Nos. 30 & 40

September Term, 2011

---

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

LAWRENCE PAUL PINNO, JR.

---

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

---

Opinion by McDonald, J.

---

Filed: February 24, 2014

In this attorney discipline case, the facts are uncontested: an experienced attorney failed to perform agreed-upon legal work for several clients, and appears to have abandoned his law practice – and his clients – without notice and without returning unearned fees. We confirm that those actions violated several provisions of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), note that no mitigating circumstances have been proffered or found, and accordingly disbar the attorney.

## Background

### *Procedural Context*

This matter consists of two consolidated cases. In the first, No. 30, Bar Counsel, on behalf of the Attorney Grievance Commission ("the Commission"), filed a petition in September 2011 charging Lawrence Paul Pinno, Jr. with violating MLRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (duty to keep safe funds of client or third parties), 1.16(d) (duties upon declining or terminating representation), 8.4(b) (criminal actions that reflect on attorney's fitness as a lawyer), 8.4(c) (dishonest, fraudulent, or deceitful conduct), and 8.4(d) (engaging in misconduct prejudicial to the administration of justice) in the representation of four clients.

In the second case, No. 40, filed a few weeks later, the Commission charged Mr. Pinno with similar violations as to two additional clients. In addition, he was also charged in that case with violating Maryland Rule 16-609 (prohibited transactions relating to attorney trust accounts) and Maryland Code, Business and Occupations Article ("BOP"), §10-306 (misuse of trust money).

Pursuant to Maryland Rule 16-752(a) and Maryland Rule 16-757, we referred this matter to the Honorable Angela M. Eaves ("the hearing judge") of the Circuit Court for Harford County to conduct a hearing and to provide findings of fact and recommended conclusions of law.

After some initial difficulty in effecting service, Mr. Pinno was personally served in Pennsylvania with a summons with respect to both cases in February 2013. However, he did not respond to the petitions and, at the request of Bar Counsel, the hearing judge entered an order of default on April 9, 2013. Mr. Pinno also failed to appear for the hearing scheduled for April 29, 2013.[1] At that hearing, Bar Counsel withdrew charges related to one of the clients in Case No. 40.[2] Bar Counsel also withdrew allegations related to attorney escrow account violations – specifically, alleged violations of Maryland Rule 16-609, BOP §10-306, and MLRPC 1.15 and 8.4(b) and (c).

The hearing judge considered the pleadings and affidavits submitted by Bar Counsel at the hearing and, in June 2013, issued a memorandum making various findings of fact, concluding that Mr. Pinno had violated several provisions of the MLRPC, and observing that no evidence of mitigating circumstances had been presented. No exceptions have been filed to the hearing judge's findings of fact and recommended

---

[1] The hearing judge noted that the hearing took place within the period in which Mr. Pinno could have moved to vacate the orders of default. The hearing judge decided to proceed, but noted that the hearing would be subject to Mr. Pinno's filing of a motion to vacate. In any event, Mr. Pinno never moved to vacate the default order.

[2] The client had died prior to the hearing and his widow could not be located.

2

conclusions of law. Mr. Pinno did not appear in this Court on the date scheduled for oral argument.

*Facts*

Mr. Pinno was admitted to the Maryland Bar on December 19, 1975. During the period of time relevant to these proceedings, he maintained a solo law practice in Bel Air, Maryland. On April 7, 2011, after the events recounted below, but before the filing of charges in these cases, Mr. Pinno was decertified from the practice of law in Maryland for failure to pay the annual assessment to the Client Protection Fund.[3]

We accept the hearing judge's findings of fact,[4] which relate the following events:

*Small Complaint*

On October 15, 2007, Hope L. Small retained Mr. Pinno to file a bankruptcy petition on her behalf. She paid Mr. Pinno a fee of $1,200. She also gave him $295 to cover the fee for filing the petition. Mr. Pinno did not file the bankruptcy petition until more than a year and a half later, in August of 2009.

Mr. Pinno did not inform Ms. Small that a creditors' meeting had been scheduled in her bankruptcy case and, as a result, she did not attend the meeting. Nor did Mr. Pinno attend. Although Ms. Small had provided Mr. Pinno with certain tax documents, he failed to submit those documents as required by the Bankruptcy Court. Ms. Small's

---

[3] The record in these disciplinary cases does not indicate the date or basis for his decertification. We take judicial notice of the records of this Court concerning the standing of members of the Maryland Bar.

[4] *See* Maryland Rule 16-759(b)(2). Neither party filed exceptions to the findings of fact. Two apparent typographical errors involving an amount of money and a date have been corrected to conform to the underlying affidavits on which the findings are based.

3

bankruptcy petition was dismissed as a result of the failure to provide the required tax records.

Ms. Small asked Mr. Pinno to refile her bankruptcy petition. Although Mr. Pinno agreed to refile the petition, he never did so.

After Ms. Small's bankruptcy petition was dismissed and the automatic stay that had been in place was lifted, one of Ms. Small's creditors began garnishing her wages. Mr. Pinno wrote to Ms. Small, promising to "advance to [her] any sums withheld by [her] employer until this case is refiled."[5] Mr. Pinno reimbursed Ms. Small once, in the amount of $156.76, a portion of the $3,919 garnished by her creditor. Ms. Small eventually retained new counsel to refile her bankruptcy petition.

*England Complaint*

During May 2010, Timothy S. England retained Mr. Pinno for two separate matters. Mr. England sought Mr. Pinno's help in obtaining a passport for his daughter. Mr. England also sought Mr. Pinno's help in a matter involving litigation with his ex-wife. Mr. England paid Mr. Pinno a $1,000 fee. Mr. England repeatedly tried to contact Mr. Pinno about both matters by phone and in writing.

With regard to the passport matter, Mr. Pinno did not take any action to obtain a passport for Mr. England's daughter in the time frame necessary for her travel plans. Mr. England demanded that Mr. Pinno refund the fee that was paid to him. Although Mr. Pinno agreed to refund the fee, he never did so.

---

[5] In that letter, which was attached to Ms. Small's affidavit, Mr. Pinno stated that the dismissal of Ms. Small's case "occurred because I erroneously believed that our 341 Meeting had been rescheduled," and that "[t]hat was obviously my fault."

4

With regard to the litigation involving Mr. England's ex-wife, Mr. Pinno failed to appear at a scheduled meeting with Mr. England to prepare for an upcoming hearing and failed to enter his appearance in the case or attend the hearing.

*Hankins Complaint*

During October 2010, Joseph E. Hankins retained Mr. Pinno to represent him in a criminal case. Mr. Hankins paid Mr. Pinno a fee of $750. Mr. Pinno did not keep Mr. Hankins updated about his case. Mr. Pinno did not appear at trial or notify the court that he would be unable to appear. Although Mr. Pinno agreed to refund the fee, he did not do so.

*Snyder Complaint*

During August 2009, Billy G. Snyder retained Mr. Pinno to represent him to collect on a promissory note and to recover stock promised to Mr. Snyder by his deceased brother-in-law. Mr. Snyder paid Mr. Pinno a fee of $5,000. Despite monthly calls in which Mr. Pinno led Mr. Snyder to believe that he was taking the two matters to court, Mr. Pinno did not file any lawsuits on Mr. Snyder's behalf. Mr. Pinno did not return the fee he had accepted from Mr. Snyder.

Since December 2010, Mr. Snyder has been unable to make contact with Mr. Pinno. Mr. Snyder attempted to retain a different attorney to handle his case, but was advised that the statute of limitations had expired.

*Juliano Complaint*

During the summer of 2009, Robert A. Juliano retained Mr. Pinno to represent him in a gender discrimination and wrongful discharge claim against his former employer.

5

Mr. Juliano paid Mr. Pinno a total of $700 in two installments. Mr. Pinno told Mr. Juliana he had sent his former employer a letter about Mr. Juliano's allegations and advised Mr. Juliano to file a claim with the Equal Employment Opportunity Commission ("EEOC"). Mr. Juliano filed a complaint with the EEOC, which was later dismissed. Mr. Juliano lost contact with Mr. Pinno, who closed his law office without notifying Mr. Juliano and without returning unearned fees to Mr. Juliano.

*Mitigation Evidence*

The hearing judge noted that Mr. Pinno had not participated in the proceedings and that there was no evidence of "mitigating or extenuating reasons" for Mr. Pinno's conduct.

**Discussion**

After analyzing the facts described above, the hearing judge concluded that Mr. Pinno had violated several rules of professional conduct – in particular, MLRPC 1.1 (competence), MLRPC 1.3 (diligence), MLRPC 1.4 (communication), MLRPC 1.16 (declining and terminating representation), and MLRPC 8.4(d) (engaging in misconduct prejudicial to the administration of justice) with respect to one or more of the five complainants.[6] We consider the hearing judge's conclusions of law without according them special deference. Maryland Rule 16-759(b)(1).

---

[6] The hearing judge noted that the Commission had not alleged a violation of MLRPC 8.4(d) with respect to the Small complaint, but determined that Ms. Small's affidavit supported a finding that Mr. Pinno had violated that rule in his representation of her. Because the Commission did not charge that violation in the petition, we do not take the possible violation of that particular rule with respect to Ms. Small into account in determining the appropriate sanction. *See Attorney Grievance Comm'n v. Sapero,* 400 Md. 461, 486-87, 929 A.2d 483 (2007).

*Violations of MLRPC*

*MLRPC 1.1*

MLRPC 1.1 provides that "a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Although Ms. Small retained Mr. Pinno to represent her in October of 2007, Mr. Pinno did not file her bankruptcy petition until more than a year and a half later, in August of 2009. This Court has previously found that failing to timely file a bankruptcy petition constitutes incompetence and violates MLRPC 1.1. *See Attorney Grievance Comm'n v. Granger*, 374 Md. 438, 455, 823 A.2d 611 (2003); *cf. Attorney Grievance Comm'n v. Calhoun*, 391 Md. 532, 564-69, 894 A.2d 518 (2006) (attorney's 10-month delay in filing charging documents in an Equal Employment Opportunity Commission case was a violation of MLRPC 1.1).

Moreover, Mr. Pinno also did not appear at a creditors' meeting concerning Ms. Small's bankruptcy petition, offered no explanation for his failure to appear at the meeting, and did not even notify Ms. Small of the meeting. This Court has found that missing a client's hearing without just cause constitutes incompetence and violates MLRPC 1.1. *Attorney Grievance Comm'n v. Harris*, 366 Md. 376, 402-3, 784 A.2d 516 (2001) ("Competent representation, however, encompasses more than an attorney's legal knowledge, skill or preparedness. It necessarily includes, at a minimum, the attorney's presence at any court proceeding for which he or she was retained, absent an acceptable explanation for that attorney's absence."); *see Attorney Grievance Comm'n v. Kremer*,

432 Md. 325, 335, 68 A.3d 362 (2013); *Attorney Grievance Comm'n of Maryland v. Butler*, 426 Md. 522, 532, 44 A.3d 1022 (2012). Finally, Ms. Small provided Mr. Pinno with certain tax records for the proceeding. When the court required that these documents be submitted, Mr. Pinno failed to do so. Failing to provide materials requested by a court without an appropriate justification constitutes incompetence and violates MLRPC 1.1. *See Attorney Grievance Comm'n v. Tinksy*, 377 Md. 646, 650-53, 835 A.2d 542 (2003).

Mr. Pinno violated MLRPC 1.1.

*MLRPC 1.3*

MLRPC 1.3 provides that "A lawyer shall act with reasonable diligence and promptness in representing a client." The commentary to MLRPC 1.3 provides that "Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client. If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved."

There is no need to repeat the details of Ms. Small's case that illustrate Mr. Pinno's lack of diligence and promptness, other than to note that Mr. Pinno agreed to refile Ms. Small's bankruptcy petition, but failed to do so. In Mr. England's case, Mr. Pinno took a fee from Mr. England, but failed to take action to obtain a passport for Mr. England's daughter, and failed to prepare for or to appear at a court hearing in a family law matter. In Mr. Hankin's case, Mr. Pinno took a fee from Mr. Hankin, but failed appear at trial or notify the court that he would not appear, despite agreeing to represent

8

Mr. Hankin in the case. In Mr. Juliano's case, Mr. Pinno took a fee, but at best failed to do more than send Mr. Juliano's former employer one letter. This Court has held that "an attorney's failure to take fundamental steps in furthering a client's matter qualifies as neglect and inattentiveness to a client's interest," and constitutes a violation of MLRPC 1.3. *Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 223, 46 A.3d 1169 (2012) (citing *Attorney Grievance Comm'n v. Gisriel*, 409 Md. 331, 371, 974 A. 2d 331) (2009)).

In Mr. Snyder's case, Mr. Pinno again took a fee, but failed to take any action in the case. Mr. Snyder was precluded from filing his claims because the statute of limitations in his case had elapsed by the time he realized he should retain a different attorney to pursue his claims. This Court has found that a failure to "protect against expiration of the statute of limitations regarding his/her client's claim" is a violation of MLRPC 1.3.[7] *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 321, 44 A.3d 344 (2012) (citing *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 170-171, 994 A.2d 928 (2010)).

As the hearing judge found, Mr. Pinno has demonstrated "an astounding lack of commitment, dedication and zealous advocacy" with respect to all five complainants.

Mr. Pinno violated MLRPC 1.3.

---

[7] Comment 3 to MLRPC 1.3 provides that "Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed."

*MLRPC 1.4*

As the Court has previously noted, violations of MLPRC 1.3 can be, as in this case, "[c]losely linked" to violations of MLRPC 1.4. *Kremer*, 432 Md. at 336. MLRPC 1.4 provides that "(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules; (2) keep the client reasonably informed about the status of the matter; (3) promptly comply with reasonable requests for information…."

Although each client had some minimal contact with Mr. Pinno, the complaints reveal a pattern of inadequate communication between lawyer and client attributable to the lawyer. Mr. Pinno failed to notify Ms. Small about the creditors' meeting, failed to attend the meeting, failed to file her tax documents, and failed to refile her bankruptcy petition. Mr. Pinno did not keep Ms. Small apprised of the circumstances of her case; his inaction resulted in Ms. Small's bankruptcy petition being dismissed and her wages being garnished. Mr. Pinno did not respond to repeated attempts to communicate from Mr. England, Mr. Snyder, and Mr. Juliano about the status of their cases. When Mr. Pinno communicated with Mr. England, the promises he made were not honored. When Mr. Pinno communicated with Mr. Snyder, Mr. Pinno misled Mr. Snyder into believing that his case was proceeding as promised. This Court has previously found that a failure to keep a client informed about the status of his or her case violates MLRPC 1.4. *See Kremer*, 432 Md. at 336 (citing *Attorney Grievance Comm'n v. De La Paz*, 418 Md. 534, 554, 16 A.3d 181 (2011)); *also see Attorney Grievance Comm'n v. Dominguez*, 427 Md. 308, 325, 47 A.3d 975 (2012).

10

Mr. Pinno violated MLRPC 1.4.

*MLRPC 1.16(d)*

MLRPC 1.16(d) states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel…and refunding any advance payment of fee or expense that has not been earned or incurred." Abandoning a client's case before it is completed and failing to return unearned fees violates MLRPC 1.16(d). *Kremer*, 432 Md. at 336 (citing *Attorney Grievance Comm'n v. Park*, 427 Md. 180, 193, 46 A3d 1153 (2012)).

As described above, Mr. Pinno did not notify his clients that he would not be representing them or pursuing their claims; did not give them time to employ other counsel; and did not refund the fees he took from each client but did not earn. Although Mr. Pinno agreed to refund some of the fees he was paid but did not earn, Mr. Pinno did not follow through on those promises. From the record in this case, it appears that the only money he refunded to any client was a portion of the wages that were garnished from Ms. Small.

Mr. Pinno violated MLRPC 1.16(d).

*MLRPC 8.4(d)*

MLRPC 8.4(d) states that it is "professional misconduct" for an attorney to "engage in conduct that is prejudicial to the administration of justice…." A failure to appear at a scheduled proceeding may violate this rule, *Butler*, 426 Md. at 537, as may a

11

failure to communicate adequately with clients about their matters, *Kremer*, 432 Md. at 337.

Mr. Pinno's inaction impeded the administration of justice with respect to each of the complainants. It frustrated Ms. Small's attempts to file for bankruptcy and led to her wages being garnished. Mr. England had to attend a hearing without necessary preparation or the benefit of legal counsel. Mr. Hankins appeared for his criminal case without his retained counsel. Mr. Snyder lost the opportunity to pursue claims for funds and stock allegedly due him. And the prosecution of Mr. Juliano's claim for employment discrimination was, at the very least, delayed due to Mr. Pinno's inaction.

Mr. Pinno violated MLRPC 8.4(d).

*Sanction*

As this Court has often said, the primary purpose of attorney discipline is to protect the public and maintain the integrity of the bar rather than punish the errant attorney. *Kremer,* 432 Md. at 337; *De La Paz*, 418 Md. at 557. In assessing an appropriate sanction we consider the facts of a particular case, as well as the existence of aggravating or mitigating factors. *Id.*

This case demonstrates a pattern of attorney neglect that affected at least five clients and spanned two years. Mr. Pinno agreed to represent all five complainants, took fees from all five, without warning or explanation failed to pursue their matters or to appear on their behalf at scheduled court appearances, and failed to return the unearned fees. Such a pattern is an aggravating factor. *See Dominguez*, 427 Md. at 326-27; *Kremer*, 432 Md. at 340. Mr. Pinno's failure to participate in the disciplinary process is

also an aggravating factor. *Id.* No mitigating factors have been offered by Mr. Pinno and none are evident in this record.

The Commission recommends that Mr. Pinno be disbarred. We agree. This Court has previously determined that disbarment is appropriate when an attorney repeatedly neglects client matters. *See, e.g., De La Paz*, 418 at 557; *Tinsky*, 377 Md. at 655; *Attorney Grievance Comm'n v. Wallace*, 368 Md. 277, 290, 293, 793 A.2d 535, 543, 545 (2002); *Attorney Grievance Comm'n v. Manning*, 318 Md. 697, 705, 569 A.2d 1250 (1990); *Maryland State Bar Ass'n v. Phoebus*, 276 Md. 353, 365–66, 347 A.2d 556 (1975); *see also Attorney Grievance v. Kwarteng*, 411 Md. 652, 660, 984 A.2d 865 (2009) (disbarment was the proper sanction where an attorney undertook representation in two cases, but abandoned the matters without informing the client). We see no reason to deviate from that result in this case. Disbarment is the appropriate sanction.

> **IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST LAWRENCE PAUL PINNO, JR.**

13