*Attorney Grievance Commission v. Christine Boco Gage-Cohen*
Misc. Docket AG No. 25, September 2013 Term


**Attorney Discipline – Abandonment of Client – Misappropriation of Client Funds – Failure to Cooperate with Bar Counsel – Disbarment.**
Disbarment is the appropriate sanction when an attorney accepts a retainer to perform agreed-upon legal work, abandons the client without performing the work and without returning the unearned fee, and fails to cooperate with the resulting disciplinary investigation. Such actions demonstrate a lack of competence and diligence, reflect a failure to communicate with the client, involve an improper termination of the attorney-client relationship and a misappropriation of client funds, and are prejudicial to the administration of justice. MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) & (c), 1.16 (a) & (d), 8.1(b) and 8.4(a), (c), & (d). Maryland Rules 16-604, 16-606.1, 16-609(a); Maryland Code, Business Occupations and Professions Article, §10-306.

Circuit Court for Anne Arundel County
Case No. C-13-179338
Argued: September 3, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 25

September Term 2013

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

CHRISTINE BOCO GAGE-COHEN

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts

JJ.

Opinion by McDonald, J.

Filed: October 21, 2014

This attorney discipline matter concerns an attorney who accepted $2,500 from a client as a retainer for a divorce case, had no further communication with her client, performed no work on the matter, and apparently abandoned her Maryland law practice. The attorney, who did not maintain a separate trust account, deposited the client's payment into a general account and never returned the unearned fee to the client. The attorney did not cooperate with Bar Counsel's disciplinary investigation, failed to respond to the disciplinary charges later filed against her, and did not participate in the proceedings before the hearing judge or our Court. As a result, we have no information that would mitigate the sanction for her misconduct. We hold that she violated multiple provisions of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") as well as related rules and statutes and, based on those violations, disbar her.

## Background

*Procedural Context*

On June 5, 2013, the Attorney Grievance Commission ("Commission"), through Bar Counsel, filed with this Court a Petition for Disciplinary or Remedial Action against Christine Boco Gage-Cohen. The Commission charged Ms. Gage-Cohen with violating MLRPC 1.1 (competence), 1.2(a) (scope of representation and allocation of authority between client and lawyer), 1.3 (diligence), 1.4 (communication), 1.5(a) (fees), 1.15 (safekeeping property), 1.16(a) and (d) (declining or terminating representation), 8.1(b) (bar admission and disciplinary matters), and 8.4(a), (c), and (d) (misconduct). She was also charged with violating Maryland Rules 16-604 (trust account – required deposits), 16-606.1

(trust account recordkeeping), and 16-609 (a) (prohibited transactions); and Maryland Code, Business Occupations and Professions Article ("BOP"), §10-306 (misuse of trust money).

Pursuant to Maryland Rule 16-752(a), this Court designated Judge William C. Mulford, II, of the Circuit Court for Anne Arundel County, to conduct a hearing and to provide findings of fact and recommended conclusions of law. After several unsuccessful attempts to locate Ms. Gage-Cohen, she was personally served in Tennessee on November 19, 2013. She did not respond to the summons and, on December 19, 2013, Bar Counsel filed a Motion for an Order of Default. The motion was granted on December 27 and entered on December 30, 2013; a hearing was scheduled for February 11, 2014. Ms. Gage-Cohen did not move to vacate the order; nor did she attend the hearing.

The hearing judge issued findings of fact and recommended conclusions of law on March 4, 2014. Neither party filed exceptions. This Court heard oral argument on September 3, 2014. Ms. Gage-Cohen did not appear.

*Facts*

Ms. Gage-Cohen was admitted to the Maryland Bar in 1985. On March 13, 2013, while this matter was under investigation, she was suspended for failing to pay the Client Protection Fund assessment. *See* Maryland Rule 16-811.6(d).

As noted above, neither party excepted to the hearing judge's findings of fact concerning the alleged violations. We accept those findings as established. *See* Maryland Rule 16-759(b)(2)(A). Those findings concerned Ms. Gage-Cohen's failure to follow

2

through with her agreement to represent a client in a divorce case, her mishandling of funds related to that representation, and her lack of responsiveness to Bar Counsel's inquiry.

On March 14, 2012, Mary L. Turner paid Ms. Gage-Cohen $2,500 with the understanding that Ms. Gage-Cohen would seek a Limited Divorce Agreement and eventually an Absolute Divorce on Ms. Turner's behalf. Ms. Turner also gave Ms. Gage-Cohen several documents, including financial statements and a separation agreement.

Ms. Gage-Cohen did not deposit Ms. Turner's $2,500 payment into a client trust account, and did not obtain Ms. Turner's informed, written consent to make other arrangements. The hearing judge found Ms. Gage-Cohen did not maintain an attorney trust account at all in 2012.

After accepting Ms. Turner's payment, Ms. Gage-Cohen apparently abandoned Ms. Turner's case. Ms. Turner called and emailed Ms. Gage-Cohen repeatedly over several months, with no response. Eventually, Ms. Turner attempted to terminate the representation and sought a refund of her payment and the return of her documents. But Ms. Gage-Cohen did not respond and did not return Ms. Turner's documents or the unearned fee.

Ms. Turner filed a complaint with the Commission on June 14, 2012. On June 22, July 20, and August 17, 2012, Bar Counsel sent letters to Ms. Gage-Cohen at the address on file with the Client Protection Fund requesting her response to the complaint. Ms. Gage-Cohen did not answer any of those requests. Beginning on August 30, 2012, Commission Investigator Dennis Biennas attempted to contact Ms. Gage-Cohen personally.

3

She did not answer Mr. Biennas' phone calls, but agreed to speak with him when he arrived unannounced at her office on September 25, 2012. She admitted receiving the letters from the Commission, ascribed her lack of response to "personal issues," and promised to respond within three days. She never responded.

In November 2012, Bar Counsel sent Ms. Gage-Cohen a final request, soliciting the following information and records: (1) a response to Ms. Turner's complaint, (2) her reasons for failing to respond to Bar Counsel's earlier requests, (3) her entire client file for Ms. Turner, (4) a statement about Ms. Gage-Cohen's then-pending traffic citations in the District Court, and (5) her attorney trust account records for the period March 2012 through October 2012. Ms. Gage-Cohen neither responded to the letter nor produced any of the requested information or records. She did return Ms. Turner's documents at some point after the Commission's investigation and apparently left Maryland for Tennessee, where she was ultimately served with the charges in this case.

## Discussion

The hearing judge found that Ms. Gage-Cohen committed all of the charged violations. We review the hearing judge's conclusions of law without special deference. Maryland Rule 16-759(b)(1).

### *Abandonment of the Client*

MLRPC 1.1 states that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation

4

reasonably necessary for the representation." In other words, a knowledgeable and skillful attorney may nevertheless provide incompetent representation if the lawyer is not thorough or is unprepared. *Attorney Grievance Comm'n v. Brady*, 422 Md. 441, 457, 30 A.3d 902 (2011); *Attorney Grievance Comm'n v. McCulloch*, 404 Md. 388, 397-98, 946 A.2d 1009 (2008); *Attorney Grievance Comm'n v. Guida*, 391 Md. 33, 54, 891 A.2d 1085 (2006). A lawyer's failure to prepare a case after accepting a fee violates MLRPC 1.1. *Attorney Grievance Comm'n v. De La Paz*, 418 Md. 534, 553-54, 16 A.3d 181 (2011).

MLRPC 1.2(a) states, in relevant part, that "a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued." We have held that "[w]hen a lawyer fails to take any steps towards the client's objective, the lawyer necessarily fails to abide by the client's decision concerning that objective." *Attorney Grievance Comm'n v. Garrett,* 427 Md. 209, 223, 46 A.3d 1169 (2012).

MLRPC 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." A lawyer who takes "no action whatsoever" in representing a client violates this rule. *Attorney Grievance Comm'n v. Shakir*, 427 Md. 197, 205, 46 A.3d 1162 (2012); *see also De La Paz*, 418 Md. at 554.

MLRPC 1.4 states, in pertinent part, that "[a] lawyer shall ... keep the client reasonably informed about the status of the matter; [and] promptly comply with reasonable requests for information …" As in the instant case, conduct that violates the diligence and

5

promptness standard of MLRPC 1.3 often also violates the communication standard of MLRPC 1.4. *See Attorney Grievance Comm'n v. Pinno*, 437 Md. 70, 80, 85 A.3d 159 (2014); *Attorney Grievance Comm'n v. Kremer*, 432 Md. 325, 336, 68 A.3d 862 (2013).

MLRPC 1.5(a) states, in pertinent part, that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." When an attorney charges a fee but does no work, the fee is *per se* unreasonable. *Attorney Grievance Comm'n v. McLaughlin*, 372 Md. 467, 502, 813 A.2d 1145 (2002); *Attorney Grievance Comm'n v. Chapman*, 430 Md. 238, 275, 60 A.3d 25, 48 (2013); *Attorney Grievance Comm'n v. Stinson*, 428 Md. 147, 184, 50 A.3d 1222 (2012). It is irrelevant that the fee is "initially reasonable" if the attorney fails to perform any of the services for which the attorney was paid. *Attorney Grievance Comm'n v. Lawson*, 401 Md. 536, 580, 933 A.2d 842 (2007).

MLRPC 1.16(a) provides, with an exception not pertinent here, that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: ... (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) the lawyer is discharged." Section (d) of that rule provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense

6

that has not been earned or incurred." When an attorney does nothing to advance the client's interest, and then abandons the client without notice and without returning unearned fees, the attorney violates MLRPC 1.16(d). *Kremer*, 432 Md. at 336; *Attorney Grievance Comm'n v. Park*, 427 Md. 180, 193, 46 A.3d 1153 (2012); *see also Attorney Grievance Comm'n v. Costanzo*, 432 Md. 233, 255, 68 A.3d 808 (2013).

MLRPC 8.4(a) states that "[i]t is professional misconduct for a lawyer to: (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another[.]"

Ms. Gage-Cohen accepted $2,500 to represent Ms. Turner in a divorce case, but took absolutely no action to advance Ms. Turner's case. This failure to act amounted to incompetent representation in violation of MLRPC 1.1, was inconsistent with her client's decisions in violation of MLRPC 1.2, and fell well short of the diligence and promptness required by MLRPC 1.3. Ms. Gage-Cohen's communication with Ms. Turner was not just inadequate, it was non-existent. She never contacted Ms. Turner after the initial consultation. Nor did she respond to Ms. Turner's repeated calls and emails requesting information. Her lack of communication violated MLRPC 1.4. Ms. Gage-Cohen's $2,500 fee, for which she evidently performed no work, was unreasonable under MLRPC 1.5. Ms. Gage-Cohen abandoned the representation without notifying Ms. Turner, without allowing her to obtain other counsel in a timely manner, and without refunding any of the unearned fee. Ms. Gage-Cohen only returned Ms. Turner's documents at some point shortly before Bar Counsel

7

filed charges against her. She thus failed to terminate the representation in the manner required under MLRPC 1.16. Because Ms. Gage-Cohen violated numerous provisions of the MLRPC, she also violated Rule 8.4(a).

*Misappropriation of Client Funds*

MLRPC 1.15(a) and (c) state, in relevant part,

(a) A lawyer shall hold property of clients ... that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. ... Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

. . .

(c) Unless the client gives informed consent, confirmed in writing, to a different arrangement, a lawyer shall deposit legal fees and expenses that have been paid in advance into a client trust account and may withdraw those funds for the lawyer's own benefit only as fees are earned or expenses incurred.

In short, the rule mandates that attorneys "maintain a separate account to safeguard funds of clients ... and ... deposit unearned fees into the client trust account, unless the client gives informed consent, confirmed in writing, to a different arrangement." *Attorney Grievance Comm'n v. Tanko*, 427 Md. 15, 32, 45 A.3d 281 (2012) (internal citations omitted).

8

Maryland Rule 16-604 similarly provides, in part:

> [A]ll funds, including cash, received and accepted by an attorney or law firm in this State from a client or third person to be delivered in whole or in part to a client or third person, unless received as payment of fees owed the attorney by the client or in reimbursement for expenses properly advanced on behalf of the client, shall be deposited in an attorney trust account in an approved financial institution.

Consistent with MLRPC 1.15, this rule requires attorneys to keep all client funds in a trust account until earned as fees or otherwise distributed in accordance with the representation agreement. *Attorney Grievance Comm'n v. Van Nelson*, 425 Md. 344, 360, 40 A.3d 1039 (2012). Finally, Maryland Rule 16-606.1 sets forth the requirements for creating and maintaining attorney trust accounts, including detailed records of every transaction in each client matter.

MLRPC 8.4(c) states, "It is professional misconduct for a lawyer to: ... (c) [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" When an attorney misappropriates client funds, the attorney violates MLRPC 8.4(c). *Costanzo*, 432 Md. at 256; *McCulloch*, 404 Md. at 400; *see also Attorney Grievance Comm'n v. Kreamer*, 404 Md. 282, 298, 946 A.2d 500 (2008).

Maryland Rule 16-609(a) states, "An attorney or law firm may not borrow or pledge any funds required by the [Maryland Rules] to be deposited in an attorney trust account, ... or use any funds for any unauthorized purpose." BOP §10-306 states, "A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to

9

the lawyer." Because "the statute and the Rule have the same requirement," a violation of Rule 16-609 is a violation of BOP §10-306. *Attorney Grievance Comm'n v. Goff*, 399 Md. 1, 30, 922 A.2d 554 (2007). Failure to deposit unearned fees into an attorney trust account is a violation of Rule 16-609, and therefore of BOP §10-306 as well. *Costanzo,* 432 Md. at 255.

Ms. Gage-Cohen did not deposit the payment fees she received from Ms. Turner into a separate trust account. Nor did she obtain Ms. Turner's informed, written consent to an alternate arrangement, as required by MLRPC 1.15(c). The hearing judge found that Ms. Gage-Cohen did not maintain trust account records, and did not maintain a trust account at all in 2012. This mismanagement of funds violated MLRPC 1.15(a) & (c), and 8.4(c), Maryland Rules 16-604, 16-606.1, and 16-609, and BOP §10-306.

### Failure to Cooperate with Bar Counsel

MLRPC 8.1(b) states, in pertinent part, that a lawyer "in connection with a disciplinary matter, shall not: … (b) knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority...." This Court has repeatedly held that this rule requires an attorney to timely answer requests from the Commission regarding a complaint in a potential disciplinary matter. *Attorney Grievance Comm'n v. Gray*, 436 Md. 513, 521, 83 A.3d 786 (2014); *see also Attorney Grievance Comm'n v. O'Leary*, 433 Md. 2, 39, 69 A.3d 1121 (2013).

10

From June through November 2012, Bar Counsel sent Ms. Gage-Cohen four letters requesting information about Ms. Turner's complaint and advising her of the severity of the matter. When the Commission investigator called her, she did not return his calls, and she only spoke with him when he appeared at her office unannounced. At that point, Ms. Gage-Cohen acknowledged receiving Bar Counsel's letters and promised to respond, but she never made good on that promise. Accordingly, she violated MLRPC 8.1(b).

### *Conduct Prejudicial to the Administration of Justice*

Under MLRPC 8.4(d), "It is professional misconduct for a lawyer to: ... (d) engage in conduct that is prejudicial to the administration of justice[.]" A violation of that provision includes "conduct which erodes public confidence in the legal profession." *Van Nelson*, 425 Md. at 362 (quoting *Attorney Grievance Comm'n v. Carithers*, 421 Md. 28, 56, 25 A.3d 181 (2011)). In *Van Nelson*, this Court held that charging an unreasonable fee, refusing to return unearned fees, and failing to respond to Bar Counsel violated MLRPC 8.4(d). *Id*. at 362-63; *cf. Attorney Grievance Comm'n v. Gallagher,* 371 Md. 673, 713, 810 A.2d 996 (2002) (misappropriating funds violates MLRPC 8.4(d)).

As Ms. Gage-Cohen accepted payment from Ms. Turner without carrying out the promised representation, seemingly abandoned the representation of Ms. Turner without returning the unearned fee, and failed to respond to Bar Counsel's requests for information, she violated MLRPC 8.4(d). *Attorney Grievance Comm'n v. Rose*, 383 Md. 385, 392, 859

11

A.2d 659 (2004) ("failure to promptly and sufficiently respond to Bar Counsel's requests for information is conduct prejudicial to the administration of justice").

**Sanction**

The Commission recommends that we disbar Ms. Gage-Cohen. It notes that we have disbarred attorneys "[i]n cases involving flagrant neglect of client affairs, including failure to communicate with clients or respond to inquiries from Bar Counsel." *Attorney Grievance Comm'n v. Lara*, 418 Md. 355, 365, 14 A.3d 650 (2011). In *Lara,* the attorney accepted fees from two clients for bankruptcy cases, but deposited the funds into a personal account and performed no work on either case. *Id.* at 360-61. The attorney abandoned his law office and ceased all communications with his clients. *Id.* He also ignored Bar Counsel's investigation until an investigator arrived at his home unannounced. *Id.* at 361. Although promising to do so, the attorney never responded to Bar Counsel's letters or refunded his clients' fees. *Id.* This Court held that his conduct violated MLRPC 1.3, 1.4(a) & (b), 1.15(a), (c) & (d), 1.16(d), 8.1(b), and 8.4(a) & (d), "warrant[ing] the gravest sanction, disbarment, for the protection of the public." *Id*. at 365, 367.

This Court has found disbarment appropriate in other cases involving similar "flagrant neglect." *See, e.g., Attorney Grievance Comm'n v. Tinsky*, 377 Md. 646, 655, 835 A.2d 542 (2003); *Shakir,* 427 Md. at 208 (attorney disbarred for accepting payment but failing to put money in client trust account or to perform any legal services); *Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 293, 793 A.2d 535 (2002) (disbarring attorney who lacked

12

diligence and preparation, did not communicate with his clients, charged unreasonable fees, misappropriated funds, lied, and failed to comply with Bar Counsel's requests).

Ms. Gage-Cohen's neglect of her client and misappropriation of the client's funds violated MLRPC 1.1, 1.2(a), 1.3, 1.4(a) & (b), 1.5(a), 1.15(a) & (c), 1.16(a) & (d), and 8.4(a), (c) & (d), as well as related rules and statutes. This "egregious behavior is exacerbated by h[er] complete failure to respond to Bar Counsel's investigation, although reminded of h[er] obligation by [the Commission's] investigator, in violation of Rule 8.1(b)." *Lara,* 418 Md. at 365. Ms. Gage-Cohen has offered no mitigating evidence. Under these circumstances, disbarment is the appropriate sanction.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST CHRISTINE BOCO GAGE-COHEN.**