*Attorney Grievance Commission v. Michael Bowen Mitchell, Jr.*, Misc. Docket AG No. 35, September Term 2014

**ATTORNEY MISCONDUCT — DISCIPLINE — DISBARMENT —** Respondent, Michael Bowen Mitchell, Jr., violated Maryland Lawyers' Rules of Professional Conduct MLRPC 1.1; 1.2(a); 1.3; 1.4(a) and (b); 3.2; 8.1(a) and (b); and 8.4(c) and (d). These violations stemmed from Respondent's failure to represent a client competently and diligently in two civil actions and Respondent's dishonest conduct toward his client and Bar Counsel.

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 35

September Term, 2014

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MICHAEL BOWEN MITCHELL, JR.

Barbera, C.J.
Battaglia
Greene
Adkins
McDonald
Harrell, Jr., Glenn T., (Retired,
Specially Assigned)
Cathell, Dale R., (Retired,
Specially Assigned),

JJ.

Opinion by Barbera, C.J.

Filed: November 24, 2015

On August 7, 2014, Petitioner, the Attorney Grievance Commission of Maryland ("the Commission"), filed in this Court a Petition for Disciplinary or Remedial Action ("the Petition") against Respondent, Michael Bowen Mitchell, Jr. The Petition charged Respondent with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (competence); 1.2 (scope of representation and allocation of authority between client and lawyer); 1.3 (diligence); 1.4 (communication); 3.2 (expediting litigation); 8.1 (bar admission and disciplinary matters); and 8.4 (misconduct). These violations stemmed from Respondent's representation of William J. Kolodner in two civil actions and his subsequent correspondence with Bar Counsel. By Order dated August 26, 2014, this Court designated the Honorable Lawrence P. Fletcher-Hill ("the hearing judge") to conduct a hearing and make findings of fact and conclusions of law.

On October 23, 2014, Petitioner served Respondent with the Petition, a Writ of Summons, and the Transmittal Order of the Court of Appeals. Respondent did not respond within fifteen days as required by Maryland Rule 16-754(a), and Petitioner therefore filed a Motion for Order of Default on November 25, 2014, in the Circuit Court for Baltimore City. Respondent similarly did not respond to that motion, and the hearing judge consequently entered an Order of Default on December 19, 2014. Respondent did not move to vacate that Order.

Also on October 23, 2014, Petitioner served Petitioner's First Set of Interrogatories; a Request for Production of Documents, Electronically Stored Information and Property; and a Request for Admissions of Facts and Genuineness of Documents. Respondent failed to respond to those discovery requests. The hearing judge held a hearing on March 10,

2015, at which Respondent did not appear. At that hearing, Petitioner submitted as evidence its Request for Admissions and Proposed Findings of Fact and Conclusions of Law. On April 1, 2015, the hearing judge issued a Statement of Findings of Fact and Conclusions of Law, in which he concluded by clear and convincing evidence that Respondent violated MLRPC 1.1; 1.2(a); 1.3; 1.4(a) and (b); 3.2; 8.1(a) and (b); and 8.4(c) and (d). Neither Petitioner nor Respondent filed exceptions to the hearing judge's findings of fact or conclusions of law. Respondent did not appear before us for oral argument as to sanction. We issued a Per Curiam Order on September 29, 2015, disbarring Respondent immediately from the practice of law. We now explain the reasons for that Order.

I.

As a consequence of Respondent's default, the hearing judge deemed established the averments in the Petition. *See* Md. Rules 16-754(c), 2-613(f), 2-323(e). The hearing judge likewise deemed admitted the facts alleged in the Request for Admissions of Fact and Genuineness of Documents. *See* Md. Rules 16-756, 2-424(b). Upon those submissions and Petitioner's Proposed Findings of Fact and Conclusions of Law, which the hearing judge adopted essentially verbatim, the hearing judge made the following findings of fact by clear and convincing evidence.

Respondent was admitted to the Bar of the Court of Appeals of Maryland on December 15, 1999, and maintained a law office in Baltimore City, Maryland. In 2009, William J. Kolodner retained Respondent to represent him in two civil actions. The first action alleged that Levindale Hebrew Geriatric Center and Hospital ("Levindale") and certain employees at that facility committed malpractice and assault/battery against Mr.

2

Kolodner in 2008 ("the Levindale action"). Respondent filed a complaint in the Circuit Court for Baltimore City on April 15, 2011, well past the one-year statute of limitations for assault claims. *See* Md. Code (1989, 2013 Repl. Vol.), § 5-105 of the Courts & Judicial Proceedings Article.

On August 15, 2011, Respondent spoke to Mr. Kolodner via telephone about the Levindale action, during which Respondent advised Mr. Kolodner to dismiss the litigation for lack of expert medical testimony. Mr. Kolodner did not accept that advice and instead directed Respondent to file an amended complaint that eliminated any medical malpractice claims. Respondent agreed to do so but did not file an amended complaint. Respondent failed to inform Mr. Kolodner that he did not intend to follow Mr. Kolodner's instructions. Respondent then stipulated to dismiss the entire case with prejudice against all defendants on August 31, 2011, and failed to inform Mr. Kolodner of the dismissal.

On September 29, 2011, Mr. Kolodner checked court records and discovered that the Levindale action had been dismissed. Mr. Kolodner informed Respondent of his discovery that day, and Respondent promised to schedule a conference call for the following day to discuss the case. Respondent, however, did not arrange the conference call and failed to explain the status of the case to Mr. Kolodner. In addition, Respondent claimed during the September 29, 2011, phone call that he had uncovered a "little known law" that would allow him to re-file the lawsuit. Respondent did not inform Mr. Kolodner what that law was, and nothing ever came of Respondent's alleged discovery.

The second action involved a claim that Mr. Kolodner's health insurer, Blue Cross Blue Shield, improperly refused to reimburse him for costs incurred during his stay at

3

Levindale ("the insurance action"). Respondent filed a complaint against "Blue Cross and Blue Shield Association" in the Circuit Court for Baltimore City on July 25, 2011. The Circuit Court for Baltimore City dismissed the insurance action on January 10, 2012, because Respondent had not obtained service on Blue Cross Blue Shield. *See* Md. Rule 2-507. Respondent took no action to prevent the dismissal and did not ask the court to reinstate the case. Respondent further failed to inform Mr. Kolodner that this lawsuit had been dismissed and the reason therefor. Respondent failed to communicate with Mr. Kolodner, respond to his requests for information, or keep him informed regarding the status of his cases throughout the course of the representation.

Mr. Kolodner submitted a written complaint against Respondent to the Commission on May 4, 2012. Bar Counsel notified Respondent of the complaint. Respondent sent a reply to Bar Counsel on June 5, 2012, claiming that he had named the wrong defendant in the insurance action but had filed an amended complaint and would serve the resident agent with the summons upon receipt from the Clerk. Respondent evidently attempted to file an amended complaint, but the Circuit Court for Baltimore City returned the amended complaint to Respondent on June 16, 2012, with the time/date stamp crossed out because the case had been dismissed on January 10, 2012. Respondent failed to inform Bar Counsel that the amended complaint was not accepted and he accordingly would not be serving the resident agent. Respondent failed to disclose facts necessary to correct Bar Counsel's misapprehension that this litigation was ongoing. Based on Respondent's representations in his June 5, 2012, letter to Bar Counsel, and his subsequent failure to correct the information contained therein, Bar Counsel decided not to take action on Mr. Kolodner's

4

May 4, 2012, complaint.

Mr. Kolodner submitted another complaint to Bar Counsel on August 14, 2013, in which he contended that Respondent had not filed an amended complaint and had deceived the Commission in that regard. Upon receiving notification of Mr. Kolodner's additional complaint, Respondent called Assistant Bar Counsel on August 29, 2013, again maintaining that he had filed an amended complaint and would forward a time/date stamped copy. On September 19, 2013, Bar Counsel received a letter from Respondent enclosing a purported amended complaint against Blue Cross Blue Shield; the document did not show marks crossing over the court's time/date stamp. Respondent's letter did not inform Bar Counsel either that the amended complaint had not been accepted for filing or that the case had been dismissed in January 2012. The hearing judge found that Respondent made inconsistent, false, and misleading statements to Petitioner's investigator during Petitioner's investigation of Mr. Kolodner's complaint.

Based upon the above findings, the hearing judge concluded by clear and convincing evidence that Respondent's conduct violated MLRPC 1.1; 1.2(a); 1.3; 1.4; 3.2; 8.1(a) and (b); and 8.4(c) and (d).

## II.

"This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n v. Barton*, 442 Md. 91, 119 (2015) (quoting *Attorney Grievance Comm'n v. O'Leary*, 433 Md. 2, 28 (2013)). Because neither Petitioner nor Respondent excepted to the hearing judge's findings of fact, we shall treat those facts as established. *See* Md. Rule 16-759(b)(2)(A) ("If no exceptions are filed, the

5

Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any."). We review *de novo* the hearing judge's conclusions of law. *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717 (2014).

## MLRPC 1.1

MLRPC 1.1 provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The hearing judge concluded that Respondent violated MLRPC 1.1 by failing to file timely the complaint in the Levindale action; name the proper defendant in the insurance action and obtain service of process on that defendant; file timely the amended complaint in the insurance action and prevent that action from being dismissed for lack of jurisdiction before the January 2012 dismissal and thereafter; and keep Mr. Kolodner informed about the dismissals, thereby precluding Mr. Kolodner from seeking another attorney who better would protect his interests.

An attorney violates MLRPC 1.1 when he or she fails to act with the requisite preparation and thoroughness in representing a client. *See, e.g., Attorney Grievance Comm'n v. Gage-Cohen*, 440 Md. 191, 197 (2014). An attorney also violates this Rule when the attorney "fails to act or acts in an untimely manner, resulting in harm to his or her client." *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 319 (2012); *see also Attorney Grievance Comm'n v. Haley*, 443 Md. 657, 668 (2015) (concluding that the respondent violated MLRPC 1.1 by failing "to prepare and submit any pleadings or take any action in furtherance of [his client's] case").

6

We agree with the hearing judge that Respondent's failure to file a complaint in the Levindale action before the statute of limitations expired on the assault/battery claim demonstrated a lack of competence in violation of MLRPC 1.1. *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 170-72 (2010) (concluding that the respondent violated MLRPC 1.1 by failing to file a complaint on behalf of his client within the statute of limitations). Respondent also violated MLRPC 1.1 in connection with Mr. Kolodner's insurance action. Although naming the wrong defendant in the initial complaint, in itself, may not rise to the level of an MLRPC 1.1 violation, Respondent's failure to realize and correct the error before the case was dismissed six months thereafter demonstrates incompetence in violation of MLRPC 1.1. Respondent similarly violated MLRPC 1.1 by failing to obtain service of process on the correct defendant, take any action to prevent the dismissal of the case, and attempt to have the case reinstated. *See Attorney Grievance Comm'n v. Sperling*, 432 Md. 471, 491 (2013) (concluding that the respondent violated MLRPC 1.1 by failing to attempt to have his client's case reinstated once it was dismissed for failure to serve the defendant).

**MLRPC 1.2**

MLRPC 1.2 provides, in pertinent part:

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter.

The hearing judge concluded that Respondent violated MLRPC 1.2(a) by failing to follow

Mr. Kolodner's directions to file an amended complaint in the Levindale action and instead stipulating to the dismissal of the entire case with prejudice. The hearing judge reasoned that this conduct constituted a failure to abide by the client's explicit directions and further constituted an action outside of Respondent's authority.

An attorney violates MLRPC 1.2(a) by failing to follow the client's instructions regarding a matter. *See Haley*, 443 Md. at 669 (concluding that the respondent violated MLRPC 1.2(a) by failing to follow the client's instructions). An attorney also violates MLRPC 1.2(a) by "fail[ing] to inform a client of the status of his or her case, thereby denying the client the ability to make informed decisions." *Attorney Grievance Comm'n v. Hamilton*, 444 Md. 163, 182 (2015). For much the same reasons, the failure to take action on a case, resulting in its dismissal, violates MLRPC 1.2(a). *See Sperling*, 432 Md. at 492-93 (concluding that the respondent's failing to inform the client that her case was dismissed for failure to serve the defendant was a violation of MLRPC 1.2(a) because the client lost the "ability to make an informed decision as to the objectives of the representation"); *see also Brown*, 426 Md. at 320 (holding that the respondent violated MLRPC 1.2(a) where his two clients' "cases were dismissed for lack of prosecution due to Respondent's inaction" and the respondent failed to inform his clients of the dismissals); *Attorney Grievance Comm'n v. Reinhardt*, 391 Md. 209, 220 (2006) (holding that the respondent's inaction, resulting in the dismissal of his client's case, violated MLRPC 1.2 because the respondent failed to follow the client's instruction to pursue the case and inform her of the status of the case).

The hearing judge correctly concluded that Respondent violated MLRPC 1.2(a) by

8

agreeing to comply with Mr. Kolodner's request to file an amended complaint in the Levindale action but instead stipulating to its dismissal with prejudice. That conduct was in direct contravention of Mr. Kolodner's explicit directions. *See Haley*, 443 Md. at 669. Respondent's failure to take action in the insurance case, and to inform Mr. Kolodner of its dismissal, also violated MLRPC 1.2(a) because it deprived Mr. Kolodner of the "ability to make an informed decision as to the objectives of the representation." *Sperling*, 432 Md. at 492; *Reinhardt*, 391 Md. at 220.

**MLRPC 1.3**

MLRPC 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The hearing judge concluded that Respondent did not act with reasonable diligence because he did not file the Levindale action until two years after he was retained by Mr. Kolodner, which was beyond the statute of limitations for the assault/battery claim; he failed to advance Mr. Kolodner's interests by stipulating to the dismissal of the Levindale action without Mr. Kolodner's consent; he named the wrong defendant in the insurance action, allowing the court to dismiss that lawsuit for lack of jurisdiction; he failed to ask the court to reinstate the insurance action; and he failed to inform Mr. Kolodner of the dismissal and otherwise keep the client informed as to the status of the two cases.

We agree with the hearing judge that Respondent violated MLRPC 1.3 by filing a complaint in the Levindale action two years after he was retained by Mr. Kolodner, thereby allowing the statute of limitations on the assault/battery claim to expire. *See Attorney Grievance Comm'n v. Lee*, 393 Md. 385, 403 (2006) (concluding that the respondent

9

violated MLRPC 1.3 by failing to review the client's case documents until nearly two years after the respondent was retained and to prepare written pleadings as promised); *see also Attorney Grievance Comm'n v. Davy*, 435 Md. 674, 699-700 (2013) (concluding that the respondent violated MLRPC 1.3 by not filing a complaint until 9:11 p.m. on the day the statute of limitations expired, failing to correct the deficiency that caused the court to reject it, and failing to notify the client that the complaint had been rejected).

Respondent further violated MLRPC 1.3 by failing to serve the correct defendant in the insurance case and thereafter failing to take any action to prevent that case from being dismissed. *See Attorney Grievance Comm'n v. McCulloch*, 404 Md. 388, 398 (2008) (holding that the respondent violated MLRPC 1.3 by failing to secure service of process on the defendant or take action to prevent the court from dismissing the case for lack of prosecution). Respondent, moreover, waited five months after the insurance case was dismissed before attempting to file an amended complaint, doing so only after Mr. Kolodner had submitted a complaint to the Commission. This conduct likewise demonstrates a lack of diligence in violation of MLRPC 1.3. *See Attorney Grievance Comm'n v. Shapiro*, 441 Md. 367, 383 (2015) ("The decision to do nothing promptly when an attorney learns the case was dismissed violates MLRPC 1.3.") (alterations and internal quotation marks omitted).

**MLRPC 1.4**

MLRPC 1.4 provides:

(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule

1.0(f), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The hearing judge concluded that Respondent failed to communicate adequately with Mr. Kolodner, respond to Mr. Kolodner's requests for information regarding his cases, and keep Mr. Kolodner informed regarding the status of those matters. The hearing judge noted that Mr. Kolodner only came to know that Respondent had stipulated to the dismissal of the Levindale action by personally checking court records. Moreover, the hearing judge concluded that Respondent violated MLRPC 1.4 by giving Mr. Kolodner false information when confronted with that discovery.

The failure to communicate with a client about the status of a matter, particularly the failure to inform a client that his or her case was dismissed, violates MLRPC 1.4. *Attorney Grievance Comm'n v. Shuler*, 443 Md. 494, 505 (2015) (concluding that the respondent violated MLRPC 1.4 by neglecting to inform the client that he had not prevailed in his civil appeal); *Shapiro*, 441 Md. at 385 (concluding that the respondent violated MLRPC 1.4 by failing to inform a client that her claim had been dismissed and continuing to misrepresent the status of the case over several years); *Davy*, 435 Md. at 701 (concluding that the respondent violated MLRPC 1.4 by failing to notify the client that her complaint had been rejected by the court).

We agree with the hearing judge that Respondent violated MLRPC 1.4 in a myriad

11

of respects. Respondent failed to inform Mr. Kolodner that he did not intend to follow Mr. Kolodner's instruction to file an amended complaint in the Levindale action. Thereafter, Respondent failed to inform Mr. Kolodner that he stipulated to the dismissal of that case with prejudice, leaving Mr. Kolodner to discover that information himself. *See Sperling*, 432 Md. at 494 (concluding that the respondent violated MLRPC 1.4 by failing to inform the client that the case was dismissed and misrepresenting that it was being pursued). Moreover, when Mr. Kolodner confronted Respondent with his discovery, Respondent provided him with misleading information regarding Respondent's ability to re-file the action based upon an alleged "little known law." *See Davy*, 435 Md. at 701 (concluding that the respondent violated MLRPC 1.4 by providing false information to a client about the availability of a summons). Respondent failed to schedule the promised conference call with Mr. Kolodner regarding the Levindale action and, as a result, never explained the status of that case to his client. *See Attorney Grievance Comm'n v. Thomas*, 440 Md. 523, 553 (2014) (stating that an attorney who fails to keep a client informed regarding the status of the client's cases, particularly where the client attempts repeatedly to speak with the attorney, violates MLRPC 1.4). Respondent also violated MLRPC 1.4 by failing to notify Mr. Kolodner that the insurance action had been dismissed because of Respondent's failure to obtain service of process on Blue Cross Blue Shield. *See Brown*, 426 Md. at 322 (concluding that the respondent violated MLRPC 1.4 by failing to inform the client that the case had been dismissed because the respondent had failed to serve the defendants timely).

**MLRPC 3.2**

Under MLRPC 3.2, "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The hearing judge concluded that Respondent, who filed the insurance action on July 25, 2011, violated MLRPC 3.2 by failing to obtain service on Blue Cross Blue Shield prior to January 10, 2012, thereby causing that action to be dismissed. The hearing judge further concluded that Respondent violated MLRPC 3.2 by failing to take any action to reinstate the lawsuit as of June 16, 2012, or to attempt to obtain proper service on the defendant. Although Respondent eventually attempted to file an amended complaint, the hearing judge noted that Respondent did not undertake this action until after Bar Counsel notified him of Mr. Kolodner's complaint.

"An attorney violates MLRPC 3.2 by delaying to take fundamental litigation steps in pursuit of the client's interest." *Attorney Grievance Comm'n v. Gray*, 436 Md. 513, 520 (2014) (alterations and internal quotation marks omitted); *see also Attorney Grievance Comm'n v. Patterson*, 421 Md. 708, 737 (2011) (concluding that the respondent violated MLRPC 3.2 because "he undertook no effort to serve process upon either of the Defendants").

After filing the insurance action on July 25, 2011, Respondent failed to obtain service of process on Blue Cross Blue Shield, causing the case to be dismissed on January 10, 2012. And, as of June 16, 2012, Respondent had done nothing to have the dismissal set aside, nor did he act in any meaningful way to expedite the litigation to protect his client's interests. As the hearing judge pointed out, Respondent made an effort to file an amended complaint only after he was notified by Bar Counsel about Mr. Kolodner's complaint against him. We agree with the hearing judge's conclusion that Respondent

13

violated MLRPC 3.2.

## MLRPC 8.1

MLRPC 8.1 provides:

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact; or
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

The hearing judge concluded that Respondent violated MLRPC 8.1 by falsely claiming in his June 5, 2012, letter to Bar Counsel that he had filed an amended complaint in the insurance action and would be serving the summons upon the resident agent when he received it from the Clerk. Respondent further violated MLRPC 8.1 by failing to inform Bar Counsel that the amended complaint had been rejected by the Clerk of the Court, that no summons was issued, and that the proper defendant could not be served because that litigation had been dismissed. The hearing judge concluded that Respondent also violated MLRPC 8.1 by calling Bar Counsel on August 29, 2013, again claiming falsely that the amended complaint had been filed, without notifying Bar Counsel that the case had been dismissed over a year earlier. The hearing judge concluded that Respondent additionally violated MLRPC 8.1 by sending a copy of the amended complaint to Bar Counsel that did not show the marks crossing over the court's time/date stamp and by making false statements to Petitioner's investigator.

A violation of MLRPC 8.1(a) will result whenever an attorney makes intentional

14

misrepresentations to Bar Counsel. *See Attorney Grievance Comm'n v. Brigerman*, 441 Md. 23, 39 (2014). In *Attorney Grievance Comm'n v. Nussbaum*, 401 Md. 612, 628-29 (2007), the respondent submitted ledgers to Bar Counsel that purported to be made contemporaneously with the transactions in the respondent's escrow account when the ledgers actually were made after the fact. We held that the respondent's "knowing misrepresentation of the legitimacy of his ledger entries to Bar Counsel certainly violated MRPC 8.1(a)." *Id.* at 641. Similarly, Respondent's submission of an amended complaint to Bar Counsel, which did not reflect the court's crossed out time/date stamp, was a knowing misrepresentation in violation of MLRPC 8.1(a). *See also Lee*, 393 Md. at 411-12 (holding that the respondent violated MLRPC 8.1(a) by implying that the delay in pursuing the client's case was due to the unavailability of transcripts when, in fact, the respondent's failure to undertake a timely review of case materials caused the delay). Respondent likewise violated MLRPC 8.1(a) by insisting to Bar Counsel in August 2013 that an amended complaint had been filed, when in fact Respondent had received the court's rejection of it more than one year earlier. *See Attorney Grievance Comm'n v. Kapoor*, 391 Md. 505, 524 (2006) (concluding that the respondent violated MLRPC 8.1(a) by making a statement to Bar Counsel that was later proven to be false). Bar Counsel determined initially not to pursue Mr. Kolodner's complaint because Respondent's June 5, 2012, letter stated that an amended complaint had been filed in the insurance action. Respondent did not correct that misapprehension, thereby violating MLRPC 8.1(b). That violation was exacerbated by Respondent's subsequent repeated knowing misrepresentations continuing to maintain that an amended complaint was filed when he

15

knew it had been rejected by the court.

## MLRPC 8.4

In relevant part, MLRPC 8.4 provides that:

It is professional misconduct for a lawyer to:

***

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or]

(d) engage in conduct that is prejudicial to the administration of justice[.]

The hearing judge concluded that Respondent violated MLRPC 8.4(c) by misrepresenting to Mr. Kolodner the status of his cases, concealing material information from him, and agreeing to file an amended complaint as Mr. Kolodner directed but failing to do so. The hearing judge concluded that Respondent's misrepresentations to Bar Counsel, which formed the basis for the MLRPC 8.1 violation, similarly constituted conduct involving dishonesty, deceit, and misrepresentation in violation of MLRPC 8.4(c). The hearing judge concluded that Respondent violated MLRPC 8.4(d) by failing to provide competent and diligent representation to Mr. Kolodner, expedite the litigation for which he was retained, and keep Mr. Kolodner informed regarding the status of the representation. The hearing judge concluded that Respondent's dishonest conduct was also prejudicial to the administration of justice because it reflects negatively on the legal profession.

Dishonest conduct, for purposes of MLRPC 8.4(c), "encompasses, *inter alia*, conduct evincing a lack of honesty, probity or integrity in principle [and] a lack of fairness and straightforwardness. Thus, what may not legally be characterized as an act of fraud, deceit or misrepresentation may still evince dishonesty." *Attorney Grievance Comm'n v. McDonald*, 437 Md. 1, 39-40 (2014) (alterations and internal quotation marks omitted).

16

"Attorneys violate MLRPC 8.4(c) when they misrepresent to their clients the status of their clients' cases, or conceal material information from their clients, even if they have not misrepresented explicitly the information." *Thomas*, 440 Md. at 555.

We agree with the hearing judge that Respondent violated MLRPC 8.4(c). Respondent engaged in intentional dishonest conduct toward Mr. Kolodner when he agreed to file an amended complaint in the Levindale action but instead disregarded Mr. Kolodner's directions and stipulated to the dismissal of the case with prejudice. *See Attorney Grievance Comm'n v. London*, 427 Md. 328, 350 (2012) (concluding that an attorney violated MLRPC 8.4(c) by telling his client that he had "filed the deed" and the deed was "taken care of" when no such deed was ever filed and may not have been prepared). Respondent further violated MLRPC 8.4(c) when he failed to notify Mr. Kolodner that the insurance action had been dismissed because Respondent had failed to effect service of process on the defendant. *See Bleecker*, 414 Md. at 169 (concluding that "Bleecker's concealment from his client of material information regarding the dismissal of her case represents a violation of Rule 8.4(c)"). Respondent's dishonest conduct toward Bar Counsel also violates MLRPC 8.4(c). *Attorney Grievance Comm'n v. Harris*, 403 Md. 142, 164 (2008) (explaining that "an attorney acts dishonestly and deceitfully" in violation of MLRPC 8.4(c) "by knowingly making false statements to Bar Counsel").

We further agree with the hearing judge that Respondent's misconduct was prejudicial to the administration of justice in violation of MLRPC 8.4(d). The failure to represent a client competently, diligently, and honestly reflects negatively on the legal profession as a whole. *Thomas*, 440 Md. at 555-56 (concluding that "the violations of

17

MLRPC 1.1, 1.3, and 1.4 together constituted a violation of MLRPC 8.4(d)" because that conduct brings the legal profession into disrepute). We held in *Bleecker* that the respondent's "failure to timely file [his client's] personal injury claim, compounded by his failure to promptly notify [the client] and advise her to seek the advice of independent counsel regarding a malpractice action, constituted behavior that seriously impairs public confidence in the entire profession, in violation of Rule 8.4(d)." 414 Md. at 175. As in *Bleecker*, Respondent's failure to perform competently and diligently in pursuing Mr. Kolodner's interests in the two civil actions for which he was retained, and to notify Mr. Kolodner of those failures, impairs confidence in the legal profession and thereby violates MLRPC 8.4(d). Respondent's numerous misrepresentations and material omissions to Mr. Kolodner and Bar Counsel likewise violated MLRPC 8.4(d). *See Sperling*, 432 Md. at 494.

## III.

In determining the proper sanction to impose upon an attorney for his or her professional misconduct, our goal is "to protect the public and the public's confidence in the legal profession." *Attorney Grievance Comm'n v. Zimmerman*, 428 Md. 119, 144 (2012). We accomplish that goal by deterring "'the type of conduct which will not be tolerated,' and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State." *Patterson*, 421 Md. at 740 (quoting *Bleecker*, 414 Md. at 176). The appropriate sanction for Respondent's misconduct is disbarment.

"Disbarment is warranted in cases involving flagrant neglect of client affairs, including the failure to communicate with clients or respond to inquiries from Bar Counsel." *Thomas*, 440 Md. at 558; *see also Attorney Grievance Comm'n v. Dunietz*, 368

18

Md. 419, 431 (2002) ("Respondent's continuing disregard for the attorney grievance process, his apparent indifference to the tenets of his chosen profession, the dereliction of his duties to his client, and his ostensible lack of remorse for his misconduct, warrant a sanction of this severity.").

We also have disbarred attorneys who misrepresented the status of their clients' cases, allowed the statute of limitations to expire, and failed to cooperate with Bar Counsel. *See Bleecker*, 414 Md. at 176, 180. When an attorney engages in intentionally dishonest conduct, disbarment will follow as a matter of course absent compelling extenuating circumstances that justify a lesser sanction. *Attorney Grievance Comm'n v. Levin*, 438 Md. 211, 231 (2014). Respondent engaged in intentionally dishonest conduct when he lied to Mr. Kolodner and Bar Counsel about the status of the matters for which he was retained.

We agree with Petitioner, moreover, that Respondent's misconduct is compounded by the presence of a number of the aggravating factors suggested by the American Bar Association. The potential aggravating factors are:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution;
(k) illegal conduct, including that involving the use of controlled substances.

*Standard 9.22 of the American Bar Association Standards for Imposing Lawyer Sanctions*

19

(2012); *see also Attorney Grievance v. Zhang*, 440 Md. 128, 172 (2014) (considering the presence of aggravating factors though the hearing judge made no findings in that regard). Petitioner submits that factors (c), (d), (f), and (j) are present in this case. We agree.

Respondent engaged in a pattern of misconduct by failing repeatedly to act in Mr. Kolodner's best interest over the course of years and making numerous misrepresentations to Mr. Kolodner and Bar Counsel, implicating factor (c). Factor (d) is implicated by Respondent's numerous violations of the Rules. *See Barton*, 442 Md. at 146. In addition, Respondent submitted false evidence to Bar Counsel in the form of an amended complaint that lacked the court's cross out of the time/date stamp, implicating factor (f). Factor (f) is further implicated by Respondent's false statement to Bar Counsel in August 2013 that an amended complaint had been filed, when in fact the amended complaint had been rejected. Respondent's failure to participate in the disciplinary proceedings reflects his indifference to making restitution, thereby implicating factor (j). *See Thomas*, 440 Md. at 557 (concluding that the respondent's failure to participate in the disciplinary proceedings demonstrated an indifference to making restitution). There are no mitigating factors on this record for us to consider because Respondent declined to participate in the disciplinary proceedings in any way. *See id.*

Respondent's professional misconduct, exacerbated by a number of aggravating factors and absent any facts in mitigation, is deserving of the ultimate sanction. We consequently issued a Per Curiam Order disbarring Respondent on September 29, 2015.